CASE No. 819.

STROMAN v. O'CAIN.

1. Where A receives money from B under written promise to apply it to a debt due by B to a third person, and fails so to apply it, a cause of action for its recovery accrues to B against A within a reasonable time thereafter; and the pleadings and the referee having here fixed twelve months as such reasonable time, the statute of limitations commenced to run in A's favor at the expiration of the twelve months.
2. This is not one of those technical trusts to which the statute of limitations does not apply.
3. In such case no demand is necessary. *Cases considered.*

Before KERSHAW, J., Orangeburg, October, 1878.

This was an action for the recovery of money commenced September 12th, 1874, by Joshua G. W. Stroman against W. A. O'Cain and others, administrators of J. H. O'Cain, and A. B. Smith. By consent it was referred to a referee in connection with a creditor's suit. The complaint alleged as its cause of action the following instrument of writing:

"NOVEMBER 25th, 1868.

"Received of Mr. J. G. W. Stroman the full sum of four

hundred dollars as his agents, to be kept in our possession, he losing the interest, for the purpose of paying a certain claim in the sheriff's office against him as surety for P. C. Stroman to E. V. Snell, now to est. of S. G. Fair.

(Signed)          " J. H. O'CAIN.

              " A. B. SMITH."

The complaint alleged that twelve months was a reasonable time for the execution of said trust, but that the money had never been paid over, and demanded judgment for $400, with interest from November 25th, 1869. The administrators of J. H. O'Cain put in a general denial. A. B. Smith, by answer, alleged that the money had all been received by J. H. O'Cain, admitted that twelve months was a reasonable time for the execution of the trust, and plead the statute of limitations as a bar to the action.

C. B. Glover, Esq., the referee, found the facts to be as stated in the complaint, that twelve months was a reasonable time within which to execute the trust, and that the statute of limitations was a bar to the action against Smith.

The plaintiff excepted to the referee's conclusion of law as to the statute of limitations. The Circuit judge sustained the exception, and ordered judgment against the defendant, Smith.

The defendant, Smith, appealed to this court upon the grounds: (1.) Because the facts, as found by the referee, to which there was no exception by the plaintiff, do not establish any liability on the part of the defendant, Smith. (2.) Because the statute of limitations was a bar to the recovery of the plaintiff.

*Mr. M. Glover*, for appellant.

(Upon the plea of the statute of limitations, his argument was as follows:)

The plea of the statute is a bar to the recovery. This is a legal demand, and the statute commenced to run when plaintiff might sue. The complaint says twelve months was a reasonable time, the answer admits it, and the referee finds it; there was then a breach of duty, and plaintiff could sue. He recognizes it by demanding interest from November 25th, 1869. 7 *Johns.*

*Ch.* 111 ; 2 *Rich.* 133 ; *Angell on Lim.,* § 178 ; 2 *Chitty on Cont.* 1062; 4 *Pet.* 172; 66 *Penna. St.* 192 ; *Cheves* 22.

No demand was necessary.    2 *Chitty on Cont.* 1071 ; 7 *Pick.* 214; 9 *S. & R.* 11 ; 24 *Wend.* 203.    If demand is necessary, none has been proven and action is premature.

*Mr. S. Dibble,* contra, contended that there was no cause of action until demand made, but that the writ was a sufficient demand ; and cited 1 *Hill Ch.* 67 ; 2 *Bail.* 51 ; 1 *Taunt.* 572 ; 1 *N. & McC.* 214 ; 2 *McC.* 246 ; 7 *Johns. Ch.* 111 ; *Perry on Trusts,* § 863.

February 25th, 1880.    The opinion of the court was delivered by

McIVER, A. J.    The only question in this case is whether the statute of limitations is a bar to the action as against the appellant, Smith, he alone having interposed the plea of the statute.

To determine this question it is only necessary to ascertain when the cause of action accrued.    If, by the terms of the obligation, the money received from the plaintiff was to have been paid over on a certain specified day, there can be but little doubt that a failure to pay the money on that day would have forthwith subjected the defendants to an action, and nothing more would have been necessary to enable the plaintiff to recover than to prove the agreement to pay on that day and the failure so to do.    Here no specific time was fixed for paying the money, and in such case it is conceded that the law prescribes that it shall be done within a reasonable time.    Twelve months has been ascertained to be such reasonable time by the referee, and no exception has been taken to his finding.    Indeed, the plaintiff in his complaint alleges that twelve months was a reasonable time for the performance of the obligation, evidenced by the receipt, and demands interest after the expiration of that time.    The case, then, may be regarded as practically an action on a contract by which the defendants obligated themselves to pay the amount named on November 25th, 1869, twelve months after the date of the obligation, toward the purpose specified in the receipt. It must be manifest that upon such a contract a cause of action

would immediately accrue upon a failure to pay on that day, and therefore the statute would then commence to run.

It is very obvious that this is not one of those technical trusts to which the statute does not apply, but that it is a specific agreement to do a certain thing at a certain time; for, as we have seen, though the time is not expressly designated in the contract sued upon, yet the law has ascertained the time, and when so ascertained it is as if it were so expressly stated in the contract. As is said in *Estes* v. *Stokes*, 2 *Rich.* 133 : " Every man who receives money to be paid to another or to be applied to a particular purpose is, to some extent, a trustee; but when he fails to perform his undertaking an action will immediately lie, and from that time the statute will commence to run." And as it is said in *Lever* v. *Lever*, 1 *Hill Ch.* 62, the very fact that an action at law will lie shows that it is not one of those technical, express, continuing trusts to which the statute of limitations does not apply.

It is argued, however, that until a demand has been made no cause of action would accrue, and several cases have been cited by respondent to sustain this proposition, which will be hereinafter considered. This may be true in the case of a sheriff or other public officer, or a factor, or a general agent who collects or receives money under a contract, either express or implied, to hold the same subject to the order of the person for whom it is collected or received. Hence, until such order is given or demand is made for it, the officer, factor or agent holds the money for the person to whom it belongs and there is no breach of duty and consequently no cause of action for such breach until there is a failure to comply with the demand. But when one person receives money from another under an agreement to apply the same to a specified purpose at a specified time, a failure to comply with the terms of such agreement is a breach of contract for which an action will immediately lie, and there is no more necessity for a demand than there would be in a case where one person agrees to pay another a sum of money, or to do any other act, at a certain time, and fails so to do.

The cases relied upon by the respondent will next be considered. *Wright* v. *Hamilton*, 2 *Bail.* 51, was an action against the sheriff for money collected by him as such for the plaintiff, and the

court said: "By the exigency of the writ he was bound to have the money before the court, at its return, to render to the plaintiff. Now if the plaintiff was not there to demand or receive it, he could not maintain an action, for no wrong had been done him. * * * It was not the duty of the sheriff to pursue the party entitled wheresoever he might be." Hence, until the money was demanded of the sheriff and payment refused, there was no breach of duty on his part and no cause of action could accrue against him. The case of *Moore* v. *Treasurers*, 1 *N. & McC.* 214, was likewise an action for money collected by a sheriff, in which the court said " there can be no violation of the obligation of a sheriff to pay over money collected by him until it is withheld and until it is demanded of him. The evidence of that fact is wanting, for it certainly is not the duty of a sheriff to traverse the world in pursuit of an individual whose money he may have collected." The question in both of these cases was as to the time when interest would commence to run on money collected by a sheriff under process of the law, and it was held that interest would not commence to run until demand and refusal—manifestly for the reason that the sheriff's duty only required him to collect and safely keep the money, subject to the order of the person for whom it may be collected, and of course, therefore, until such order is given or demand made, there could be no breach of duty on the part of the sheriff and no cause of action against him.

The case of *Topham* v. *Bradick*, 1 *Taunt.* 572, was a case where the plaintiff had consigned goods to a firm to be sold and disposed of on his account. It was held that the statute of limitations would not commence to run until demand and refusal to pay, for the very good reason that until such demand there could have been no breach of duty on the part of the defendants, for until then their only duty was safely to keep the plaintiff's money ready to be accounted for, *whenever called upon to do so.* *Lever* v. *Lever*, 1 *Hill Ch.* 62, is also cited by the respondent, but in that case the evidence showed a continuing agency or trust, by which the father was to have the management and control of his son's entire estate, to transact all of his business and provide for him generally, upon the ground of the son's mental weakness

and want of education. The bill was for an accounting, brought by the son against the executor of the father, to which the plea of the statute was interposed. The court held that the statute would not commence to run until demand, because until there was a refusal by the father to comply with some demand of the son, there was no cause of action, as by the very terms of the arrangement the father was to retain the possession and control of the son's property and income and apply it to the uses of the son. Hence there could be no cause of action, and the statute could not commence to run until there was a failure to comply with these terms. It will thus be seen that the difference between these cases and the one now under consideration is, that in these cases there was no duty or obligation to pay until called upon, while in the case now before us there was both a duty and obligation to pay on a day certain.

The judgment of the Circuit Court is set aside and a new trial is ordered.

WILLARD, C. J., and McGOWAN, A. J., concurred.